IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL KEEHN,

    Plaintiff,                                   No. CIV S-08-2750 JAM KJM PS

    vs.

TEHAMA-COLUSA CANAL AUTHORITY,

    Defendant.                                    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    Defendant's motion for judgment on the pleadings and plaintiff's cross-motion for judgment on the pleadings came on regularly for hearing July 22, 2009. Plaintiff appeared in propria persona. Glenn Peterson appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

    In this action, plaintiff seeks a declaration regarding his rights to certain intellectual property in software he alleges he developed for computer control of water flow through canals, known as "Pretty Good Canal Control" (PGCC). Defendant moves for judgment on the pleadings, contending this court lacks subject matter jurisdiction[1] because the complaint

---

[1] The issue of whether 17 U.S.C. § 411(a) restricts the subject matter jurisdiction of federal courts over copyright infringement actions is presently pending before the Supreme Court

1

does not allege plaintiff has registered the copyright with the Copyright Office or even applied for copyright registration.[2]  Plaintiff contends this action is not governed by the Copyright Act because he simply seeks a declaration that the intellectual property at issue was not a "work made for hire," that defendant is not the owner of the copyright, and that plaintiff has the right to market PGCC.  Plaintiff's contention cannot be sustained given the nature of the dispute placed before the court.  Any declaration of rights must clearly look to the Copyright Act and plaintiff points to no other jurisdictional basis for his complaint.  See Stuart Weitzman, LLC v. Microcomputer Resources, Inc., 542 F.3d 859 (11th Cir. 2008).

At the hearing, plaintiff acknowledged he has not yet received a certificate of registration from the Copyright Office.  Although there is a split of authority as to whether an application is sufficient under 17 U.S.C. § 411(a) for this suit to proceed or whether the copyright must actually be registered prior to suit, this court finds the plain language of the statute compels the conclusion that registration must precede suit.  See La Resolana Architects v. Clay Realtors Angel Fire, 416 F.3d 1195, 1206-07 (10th Cir. 2005) (court relied, in part, on the 2005 amendment to section 411, which allows suit where the copyright is either "registered" or "preregistered," and Congress's declining in 1993 to adopt proposed revisions that would have eliminated registration as a prerequisite to filing suit); see also Loree Rodkin Management Corp. v. Ross-Simons, 315 F.Supp.2d 1053 (C.D. Cal. 2004).  Here, plaintiff presents no evidence that

---

in Elsevier v. Muchnick, 129 S.Ct. 1523 (2009) (docket no. 08-103).  As explained below, whether or not section 411 is jurisdictional in nature, plaintiff has not fulfilled the procedural requirements imposed by that section upon which the right to sue depends.  Because of this procedural deficiency, the action should be dismissed without prejudice.

[2]  In opposition, plaintiff submits evidentiary material that he contends supports his claim that he made an application to the Copyright Office prior to the filing of the instant complaint.  Defendant's objections to plaintiff's evidentiary material are well taken.  However, even if the evidentiary material was admitted and sufficient to establish that plaintiff has made an application for registration of copyright in the PGCC computer program, said application, by itself, does not fulfill the procedural requirements of 17 U.S.C. § 411(a).

1 the copyright has been registered or preregistered.[3]  The action therefore should be dismissed
2 without prejudice.
3            Accordingly, IT IS HEREBY RECOMMENDED that:
4            1.  Defendant's motion for judgment on the pleadings be granted;
5            2.  Plaintiff's cross-motion for judgment on the pleadings be denied; and
6            3.  This action be dismissed without prejudice.
7            These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within ten days after service of the objections.  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15 DATED:  August 6, 2009.

_____
U.S. MAGISTRATE JUDGE

006
keehn.oah

---

[3] Defendant conceded at oral argument that should plaintiff obtain a certificate of registration while this suit is pending, the action may proceed.